

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALPHA OUMAR DIALLO,<br><br>　　　　　　　　　Petitioner,<br><br>v.<br><br>JEREMY CASEY, Warden,<br><br>　　　　　　　　　Respondent. | Case No.:  26-cv-2033-BJC-AHG<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

On March 30, 2026, Petitioner Alpha Oumar Diallo filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, and an amended petition on April 12, 2026. ECF Nos. 1, 9.  He asserts he arrived in the United States in November 2023 to seek asylum, was immediately arrested and detained, and was released on parole several days later.  ECF No. 9 at 2.  Petitioner contends an immigration judge denied his application for asylum and his appeal of the decision is currently pending with the Board of Immigration Appeals.  *Id*. He further contends he was unlawfully detained by Immigration and Customs Enforcement on July 7, 2025, without notice or a hearing.  *Id*.

Respondent filed a return on April 22, 2026, in which he argues Petitioner is subject to mandatory detention under 8 U.S.C. § 1225, but the "acknowledge this Court's prior

decisions will control the result here if the Court adheres to its prior decisions." ECF No. 11 at 2-3. Respondent does "not oppose the petition and defers to the Court on the appropriate relief." *Id*. at 3. Petitioner filed a traverse on May 4, 2026. ECF No. 12. He contends Courts in this district agree that the proper relief is immediate release. *Id*. at 3.

Under applicable regulations, parole is "terminated upon written notice to the [noncitizen]." 8 C.F.R. § 212.5(e)(2). Additionally, Petitioner was entitled to due process, including written notice, the reasons for the termination, and an opportunity to contest the determination, prior to termination of his release. *Noori v. LaRose*, No. 25-CV-1824-GPC-MSB, 2025 WL 2800149, at *11 (S.D. Cal. Oct. 1, 2025). Petitioner contends, and Respondent does not dispute, that Petitioner was provided no individualized determination, and no opportunity to be heard before he was detained. The Court finds Petitioner's revocation of his release and detention violated his due process rights.

Accordingly, the Court GRANTS the petition for a writ of habeas corpus. Respondent shall immediately release Petitioner under the previously determined conditions. Respondent is enjoined from re-detaining Petitioner without complying with 8 C.F.R. § 212.5 and due process. The Clerk of Court shall close this matter.

**IT IS SO ORDERED**.

Dated: May 5, 2026

Bryan Cheeks

Honorable Benjamin J. Cheeks
United States District Judge